Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, Third Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                              Case No.: 1-20-41827-cec
                                                                                         Chapter 11
      VNS Transportation, Inc.                           Subchapter V

            Debtor.
-----------------------------------------------------------X

## NOTICE OF A MOTION TO DISMISS A CHAPER 11 CASE

**PLEASE TAKE NOTICE** that a hearing on the annexed Motion, dated September 16, 2020 (the "Motion") of VNS Transportation, Inc, Debtor and Debtor in Possession in the above-captioned chapter 11 cases, for entry of an order pursuant to Sections 105(a) and 1112(b) of Title 11 of the United States Code and Rule 1017(a) of the Federal Rules of Bankruptcy Procedure to dismiss this Chapter 11 Subchapter V case, will be held Honorable Carla E. Craig, United States Bankruptcy Judge, on October 14, 2020 at 3:00 P.M., in the United States Bankruptcy Court – Eastern District of New York, 271 Cadman Plaza, Brooklyn, New York 11201, Courtroom – 3529 (the Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that any objection to the within Motion must be in writing and must state with particularity the grounds of the objection. The objection must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the undersigned counsel for the debtor so as to be received no later than seven (7) days before the hearing date.

Dated: September 16, 2020                        */s/ Alla Kachan*
Brooklyn, New York                             Alla Kachan, Esq.
                                                    Law Offices of Alla Kachan, P.C.
                                                    3099 Coney Island Avenue, 3rd Fl.
                                                    Brooklyn, NY 11235
                                                    Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, Third Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                          Case No.: 1-20-41827-cec
                                                                    Chapter 11
     VNS Transportation, Inc.                         Subchapter V

         Debtor.
-------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF DEBTOR'S MOTION
## TO VOLUNTARILY DISMISS CHAPTER 11 SUBCHAPTER V CASE

     The Debtor, VNS Transportation, Inc, Debtor and Debtor-in-Possession (referred to herein as the "Debtor"), by undersigned counsel, Alla Kachan, of the Law Offices of Alla Kachan, P.C., respectfully requests that the above-captioned Chapter 11 Subchapter V case be dismissed, pursuant to 11 U.S.C. §707(a), and in support thereof avers as follows:

### BACKGROUND AND PROCEDURES

     1.    The Debtor is a New York corporation formally with the business address 1360 East 14th Street # B10, Brooklyn, New York 11230.

     2.    On April 8, 2020, (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition with this Court for relief under chapter 11 Subchapter V of title 11, United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code").

     3.    Under Bankruptcy Code §§ 1107 and 1108, the Debtor retains possession of their assets and are authorized, as the Debtor in Possession, to continue to operate and manage its

business.

## JURISDICTION

4. This Court has jurisdiction over this proceeding under chapter 11 of the Bankruptcy Code, pursuant to 28 U.S.C. §§151, 157 and 1334.

5. Venue in this Court is proper, pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (B) and (O).

## RELIEF REQUESTED

7. § 1112(b)(1) of the Bankruptcy Code provides:

. . . on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of the creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

8. Although courts tend to view voluntary dismissals of chapter 11 cases with some skepticism, the Second Circuit has determined that a "totality of the circumstances" analysis is warranted.

9. "Where . . . a debtor moves for dismissal, courts in this circuit have determined whether cause exists by looking at 'whether dismissal would be in the best interest of all parties in interest.' We agree that this is the appropriate analysis. The best interest of the debtor 'lies generally in securing an effective fresh start upon discharge and in the reduction of administrative expenses leaving him with resources to work out his debts.' With regard to creditors, the issue is typically one of prejudice: '[C]reditors can be prejudiced if the motion to dismiss is brought after the passage of a considerable amount of time and they have been

forestalled from collecting the amounts owed to them. A prejudicial delay also creates the appearance that such an abusive practice is implicitly condoned by the Code.'" *In re Smith*, 507 F.3d 64, 72 (2d Cir. 2007) (quoting *In re Dinova*, 212 B. R. 437, 441-42 (B.A.P. 2nd Cir. 1997) (citing *In re Schwartz*, 58 B. R. 923, 925 (Bankr. S.D.N.Y. 1986); *In re Hull*, 339 B. R. 304, 307 (Bankr. E.D.N.Y. 2006)).

10. It appears, that the Debtor is unable to propose or to confirm a plan of reorganization. Therefore, the Debtor respectfully requests that the instant case should be dismissed, rather than converted, as a conversion would incur significant administrative costs to the estate of the Debtor, and it will be detrimental for the Creditors. The Debtor believes that dismissal is in the best interest of all Creditors.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order, in form similar to the attached Proposed Order, dismissing this chapter 11 Subchapter V case, pursuant to 11 U.S.C. § 1112 (b)(1), and for such other and further relief as the Court deems just and proper.

Dated: September 16, 2020
Brooklyn, New York

*/s/ Alla Kachan*
Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Fl.
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                    Case No.: 1-20-41827-cec
                                                                                Chapter 11
    VNS Transportation, Inc.                                   Subchapter V

          Debtor.
-----------------------------------------------------------X

## PROPOSED ORDER DISMISSING CHAPTER 11 CASE

Based upon the hearing held before this Court and the request of the Debtor, and it appearing that the appropriate notice has been given, and cause existing for the relief requested, as set forth in the record of the hearing, it is

**ORDERED**, under 11 U.S.C. § 1112(b)(1), that this case commenced under Chapter 11 of the Bankruptcy Code be and is hereby DISMISSED; and it is further

**ORDERED**, that the Debtor pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930 and any applicable interest pursuant to 31 U.S.C. § 3717 within ten (10) days of the entry of this order.