**The Law Offices of Avrum J. Rosen, PLLC**
*Attorneys for David J. Doyaga, Sr., Plaintiff-Trustee*
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Alex E. Tsionis, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| VNS TRANSPORTATION, INC., | Case No.: 20-41827-jmm |
| Debtor. | |

------------------------------------------------------------x

| | |
|---|---|
| DAVID J. DOYAGA, SR., Solely as Chapter 7 Trustee of the Estate of VNS Transportation, Inc., | Adv. Pro. No.: |
| Plaintiff, | |
| -against- | |
| MIGUEL REYES, NEW MILLENNIUM BANK, INC., VICTOR ALEXEEVICH STEPANOV AND NATALIA FREEDMAN, AS TRUSTEE OF STEPANOV FAMILY TRUST, | |
| Defendants. | |

------------------------------------------------------------x

## **COMPLAINT**

David J. Doyaga, Sr., Solely as Chapter 7 Trustee (the "Plaintiff") of the Estate of VNS

Transportation, Inc. (the "Debtor"), by and through his counsel, The Law Offices of Avrum J.

Rosen, PLLC, respectfully submits this, as and for his complaint (the "Complaint"), against Miguel

Reyes ("Reyes"), New Millennium Bank, Inc. ("Millennium"), Victor Alexeevich Stepanov

("Stepanov") and Natalia Freedman, as Trustee of Stepanov Family Trust ("Freedman" and,

together with Reyes, Millennium and Stepanov, the "Defendants"), and alleges as follows:

1

## **NATURE OF THE ACTION**

1.      This is a fraudulent conveyance action brought by the Plaintiff, the Chapter 7 Trustee, seeking damages against the Defendants.

2.      The Debtor's principal, Stepanov, caused the Debtor to transfer $93,415.57 for Stepanov's down payment for the purchase of his Real Property (defined below) and $247,390.75 to pay for Stepanov's mortgage on his Real Property. In order to pay for Stepanov's mortgage, Stepanov caused the Debtor to incur a loan from Chase and used the loan proceeds to pay off his mortgage.

3.      As a result, Stepanov received the benefit of the Real Property, free and clear of a mortgage, at the expense of the Debtor and its creditors. And in order to further insulate himself from the Debtor's creditors, Stepanov subsequently transferred the Real Property to Freedman to be held in trust.

4.      At the Debtor's Chapter 11 and Chapter 7 section 341(a) Meeting of Creditors, Stepanov perjured himself in order to conceal his actions and his Real Property. Stepanov testified under oath that the Debtor obtained the Chase loan in order to pay rent to its "landlord" in connection with the Debtor's lease of a "yard" where the Debtor allegedly stored its vehicles. This was false. As will be shown below, Stepanov instead used the Debtor's loan proceeds (and other monies belonging to the Debtor) to pay for his purchase of the Real Property and his mortgage.

5.      The Plaintiff brings this action here because the Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

6.      In this suit, the Plaintiff seeks to recover for seven separate categories of damages.

7.      ***First***, the Plaintiff seeks an order and judgment: (i) declaring that, as of the Petition Date (defined below), any and all assets comprising of property of the Debtor's bankruptcy estate

being held by the Defendants is property of the Debtor's bankruptcy estate under section 541 of the Bankruptcy Code (defined below); and (ii) directing the Defendants to immediately turnover any and all assets constituting property of the Debtor's bankruptcy estate under section 542 of the Bankruptcy Code.

8.      **Second**, the Plaintiff seeks an order and judgment imposing an equitable lien on any such property for the benefit of the creditors of the Debtor's bankruptcy estate.

9.      **Third**, the Plaintiff seeks to recover the Reyes Transfers (defined below) or the value of the Reyes Transfers in an amount to be determined at trial but not less than $93,415.57.

10.     **Fourth**, the Plaintiff seeks to recover the Millennium Transfers (defined below) or the value of the Millennium Transfers in an amount to be determined at trial but not less than $247,390.75.

11.     **Fifth**, the Plaintiff seeks to avoid the Stepanov Transfer (defined below) or recover the Real Property, or the value thereof, in an amount to be determined at trial but not less than the fair market value of the Real Property.

12.     **Sixth**, the Plaintiff seeks to set aside the Subsequent Transfer (defined below) and recover the Real Property, or the value thereof, in an amount to be determined at trial but not less than the fair market value of the Real Property.

13.     **Seventh**, under the DCL, defendants Stepanov and Freedman are liable for the Plaintiff's attorneys' fees and costs in bringing this action.

## JURISDICTION AND VENUE

14.     This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core

proceeding" under 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (F), (H), and (O) and 1334, and Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

15.    The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

16.    This Court is the proper venue for this adversary proceeding in accordance with 28 U.S.C. § 1409(a).

17.    The statutory predicates for the relief sought herein include sections 105, 323, 502, 541, 542, 544, 548, 550 and 551, Title 11, of the United States Code (the "Bankruptcy Code"), Rules 6009 and 7001 of the Bankruptcy Rules, Sections 273, 274, 275, 276, 276-a, 278 and 279 of the New York Debtor and Creditor Law[1] (the "DCL"), section 2201, Title 28, of the United States Code, New York common law and any common law, rule, regulation and/or any applicable law of any other jurisdiction in which assets that are property of the estate currently unknown to the Plaintiff are located.

18.    Pursuant to Rule 7008 of the Bankruptcy Rules, the Plaintiff consents to the entry of final orders and judgments by the Court presiding over this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

---

[1] On December 6, 2019, Governor Andrew Cuomo signed into law a new fraudulent transfer statute to replace the New York Fraudulent Conveyance Act ("NYFCA"), which has been in place in New York since 1925. The new law, entitled the New York Voidable Transactions Act (the "NYVTA"), is intended to modernize the existing statute and bring New York law in line with federal law and the law in most other states. The NYVTA became effective in New York on April 4, 2020. It will apply only to transactions on or after April 4, 2020. Therefore, this Action is governed by the NYFCA.

## THE PARTIES

19.     The Plaintiff is the Chapter 7 Trustee herein. The Plaintiff has a mailing address of 26 Court Street, Suite 1601, Brooklyn, New York 11242. The Plaintiff is authorized to file this action under section 323 of the Bankruptcy Code and Rule 6009 of the Bankruptcy Rules.

20.     Defendant Miguel Reyes is an individual and has a mailing address of 44 Orange Ave, Apt 2, Staten Island, New York 10302.

21.     Defendant New Millennium Bank, Inc. is a foreign business corporation formed under the laws of the state of New Jersey. Public records reflect that the address for service of process for defendant Millennium is New Millennium Bank, Inc., 222 Bridge Plaza South, Fort Lee, New Jersey 07024, Attn: Gregory Daniels, Agent.

22.     Defendant Victor Alexeevich Stepanov is an individual and has a mailing address of 46-2 Regal Walk, Unit 20, Staten Island, New York 10303. Stepanov is the Debtor's principal.

23.     Defendant Natalia Freedman, as Trustee of Stepanov Family Trust is an individual and has a mailing address of 46-2 Regal Walk, Unit 20, Staten Island, New York 10303. Public records indicate that Freedman also has an address at 4121 8th Avenue, Brooklyn, New York 11218. Freedman is the subsequent transferee of the Real Property.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A.     The Bankruptcy Filing and Appointment of the Trustee**

24.     On April 8, 2020, the Debtor commenced a voluntary petition for relief under Chapter 11 Subchapter V of the Bankruptcy Code.

25.     On October 18, 2020, this Court entered an Order converting the Debtor's case from a case under Chapter 11 Subchapter V of the Bankruptcy Code to one under Chapter 7 of the Bankruptcy Code.

26.    David J. Doyaga, Sr. was appointed interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, became the permanent Chapter 7 Trustee of the Debtor's estate.

**B.    The Predicate Debt**

27.    The Debtor was indebted to creditors as of the date of the Reyes Transfers, the Millennium Transfers, the Stepanov Transfer and the Subsequent Transfer.

28.    Upon information and belief, at the time of the Reyes Transfers, the Debtor was obligated to Santander Bank, N.A. ("Santander") on a line of credit.

29.    At the time of the Millennium Transfers, the Stepanov Transfer and the Subsequent Transfer, the Debtor was indebted to Chase in the sum of approximately $250,000.00.

**C.    The Transfers to Reyes**

30.    On or about July 8, 2019, the Debtor opened a business checking account with Millennium ending x4917 (the "Millennium Bank Account").

31.    In or around July 2019, Reyes entered into a residential contract of sale (the "Contract") to sell the real property located at 46-2 Regal Walk, Unit 20, Staten Island, New York 10303 (the "Real Property") to Stepanov for the sum of $320,000.00.

32.    The Debtor was not a party to the Contract and Stepanov was the only purchaser under the Contract.

33.    On or about July 12, 2019, Stepanov caused the Debtor to transfer $30,000.00 from the Debtor's Millennium Bank Account to "John Harrington, as attorney", representing Stepanov's downpayment (the "Downpayment") on the Contract. A copy of the check evidencing the Downpayment is annexed hereto as **Exhibit "A"**.

34.    The Downpayment was held in escrow by John Harrington, Esq. for the benefit of Reyes until it was released to Reyes at the closing of the sale of the Real Property.

35.      On or about August 28, 2019, Stepanov caused the Debtor to transfer an additional $63,415.57[2] to Reyes from its Millennium Bank Account representing the additional funds required to close on the Contract (the "Closing Funds"). A copy of the check evidencing the Closing Funds is annexed hereto as **Exhibit "B"**.

36.      In total, the Debtor transferred to Reyes, from its Millennium Bank Account, the sum of $93,415.57 (the "Reyes Transfers") as follows:

| **Date** | **Payee** | **Amount** |
|---|---|---|
| 7/12/2019 | John Harrington, as attorney | $30,000.00 |
| 8/27/2019 | Miguel Reyes | $63,415.57 |

37.      The Reyes Transfers were made from the Debtor's Millennium Bank Account.

38.      The Reyes Transfers were made within four (4) years of the Petition Date.

39.      The Debtor received no consideration or reasonably equivalent value for the Reyes Transfers.

40.      The Reyes Transfers were made at a time when the Debtor was insolvent, or the Reyes Transfers rendered the Debtor insolvent.

41.      At the time of the Reyes Transfers, the Debtor was indebted to creditors and the Debtor was not paying its obligations as they became due and owning.

**D.      The Mortgage and the Transfers to Millennium**

42.      Stepanov financed the remaining purchase price of the Real Property by obtaining a loan from Millennium.

43.      On or about August 28, 2019, Stepanov executed and delivered a note to Millennium in the principal amount of $240,000.00. To secure repayment of the note, Stepanov

---

[2] This check is dated August 27, 2019.

granted Millennium a mortgage in the Real Property (the "<u>Mortgage</u>"). The Mortgage was recorded on September 17, 2019 with the Office of the Richmond County Clerk and assigned Land Document No. 752294.

44.    Only Stepanov was an obligor under the note and Mortgage.

45.    Despite not being an obligor under the note and Mortgage, the Debtor made the Mortgage payments to Millennium.

46.    On October 23, 2019, the Debtor transferred to Millennium, from its Millennium Bank Account, the amount of $1,614.86 to pay for Stepanov's Mortgage.

47.    On November 1, 2019, the Debtor transferred to Millennium, from its Millennium Bank Account, the amount of $1,587.98 to pay for Stepanov's Mortgage.

48.    On December 2, 2019, the Debtor transferred to Millennium, from its Millennium Bank Account, the amount of $1,587.98 to pay for Stepanov's Mortgage.

49.    On January 2, 2020, the Debtor transferred to Millennium, from its Millennium Bank Account, the amount of $1,587.98 to pay for Stepanov's Mortgage.

50.    On February 3, 2020, the Debtor transferred to Millennium, from its Millennium Bank Account, the amount of $1,587.98 to pay for Stepanov's Mortgage.

51.    On March 2, 2020, the Debtor transferred to Millennium, from its Millennium Bank Account, the amount of $1,587.98 to pay for Stepanov's Mortgage.

52.    On March 16, 2020, 23 days before the Petition Date, the Debtor transferred to Millennium, from its Millennium Bank Account, the amount $237,835.99 (the "<u>Mortgage Payoff Transfer</u>"). This transfer paid off Stepanov's Mortgage owed to Millennium.

53.    The Debtor failed to disclose the Mortgage Payoff Transfer on its Statement of Financial Affairs.

54.     In total, the Debtor transferred to Millennium, from its Millennium Bank Account, the sum of $247,390.75 (the "Millennium Transfers") as follows:

| Date | Payee | Amount |
|------|-------|--------|
| 10/23/2019 | Millennium | $1,614.86 |
| 11/1/2019 | Millennium | $1,587.98 |
| 12/2/2019 | Millennium | $1,587.98 |
| 1/2/2020 | Millennium | $1,587.98 |
| 2/3/2020 | Millennium | $1,587.98 |
| 3/2/2020 | Millennium | $1,587.98 |
| 3/16/2020 | Millennium | $237,835.99 |

55.     The Millennium Transfers were made within four (4) years of the Petition Date.

56.     The Debtor received no consideration or reasonably equivalent value for the Millennium Transfers.

57.     The Millennium Transfers were made at a time when the Debtor was insolvent, or the Millennium Transfers rendered the Debtor insolvent.

58.     At the time of the Millennium Transfers, the Debtor was indebted to creditors and the Debtor was not paying its obligations as they became due and owning.

**E.     The Stepanov Transfer**

59.     By deed dated August 28, 2019, Reyes transferred the Real Property to Stepanov (the "Stepanov Transfer"). A copy of the deed evidencing the Stepanov Transfer was recorded on September 17, 2019 with the Office of the Richmond County Clerk and assigned Land Document No. 752293.

60.     Despite the Real Property being paid for entirely by the Debtor, Stepanov received the entire benefit and value of the Stepanov Transfer and the Real Property.

61.     The Debtor made the Downpayment in connection with the Closing of the Real Property; the Debtor made the Mortgage payments to Millennium; and the Debtor paid the Mortgage off in the full.

62.     The Debtor received no consideration or reasonably equivalent value for the Stepanov Transfer or for the Real Property.

63.     The Stepanov Transfer was made at a time when the Debtor was insolvent, or the Stepanov Transfer rendered the Debtor insolvent.

64.     At the time of the Stepanov Transfer, the Debtor was indebted to creditors and the Debtor was not paying its obligations as they became due and owning.

65.     The Stepanov Transfer was made within four years of the Petition Date.

66.     Stepanov entered into the Stepanov Transfer with actual intent to hinder, delay or defraud the Debtor's creditors.

## F.     The Subsequent Transfer

67.     By deed dated November 19, 2019, Stepanov subsequently transferred the Real Property to Freedman for no consideration (the "Subsequent Transfer" and the Reyes Transfers, the Millennium Transfers and the Stepanov Transfer, collectively, the "Transfers"). A copy of the deed evidencing the Subsequent Transfer was recorded on December 5, 2019 with the Office of the Richmond County Clerk and assigned Land Document No. 760806.

68.     Stepanov transferred the Real Property to Freedman in order to insulate himself from the Debtor's creditors.

69.     Freedman is a subsequent transferee of the Real Property.

70.     The Subsequent Transfer was a no consideration transfer.

71.     The Subsequent Transfer was made with actual intent to hinder, delay or defraud the Debtor's creditors.

72.     The Debtor was insolvent at the time of the Subsequent Transfer.

**G.    The Chase Loan and Stepanov's Testimony**

73.     Stepanov caused the Debtor to incur debt and used the proceeds from that debt to purchase the Real Property for himself.

74.     In or around 2019, the Debtor, by its principal Stepanov, applied to Chase for a business loan in the amount of $250,000.00 (the "Chase Loan").

75.     Chase funded the Chase Loan, and the Debtor received the entire principal balance of $250,000.00.

76.     On March 14, 2020, 25 days prior to the Petition Date, the Debtor then wrote a check from the Chase Loan proceeds for $199,000.00[3] (the "Chase Loan Proceeds") and deposited the Chase Loan Proceeds in its Millennium Bank Account.

77.     On the same date, the Debtor also wrote a check from its Santander bank account in the amount of $38,835.99 (the "Santander Funds") and also deposited the Santander Funds in its Millennium Bank Account.

78.     On March 16, 2020, 23 days prior to the Petition Date, the Debtor, through Stepanov, used the Chase Loan Proceeds and the Santander Funds and paid off the Mortgage owed to Millennium from the Debtor's Millennium Bank Account.

79.     According to Chase's written opposition to the Debtor's motion to dismiss its Chapter 11 case [Bankr. Dkt. No. 45] (the "Chase Opposition"), Stepanov testified under oath on behalf of the Debtor at the Section 341(a) Meeting and "acknowledged that the Debtor specifically

---

[3]The remaining $50,000.00 was used to satisfy preexisting debt to Santander, which was a condition to obtaining the Chase Loan.

applied for an obtained the [Chase] Loan for the sole purpose of paying a debt to Debtor's landlord, Millennium Bank." *See* Chase Opposition at ¶¶ 10 and 11.

80.    Chase further wrote, "Stepanov testified that Millennium Bank was owed approximately $300,000.00. The Millennium Bank debt was a long standing lease obligation and was incurring interest at a high rate. Using the [Chase] Loan, the Debtor paid to Millennium Bank the sum of approximately $250,000.00 in late March." *Id*. at ¶ 12.

81.    On November 13, 2020, Stepanov again testified under oath at the Debtor's Chapter 7 section 341(a) Meeting that the Chase Loan Proceeds were used to pay "Millennium", the Debtor's "landlord", in connection with the Debtor's lease of a "yard" where the Debtor stored its vehicles.

82.    The Plaintiff obtained a 2004 order and subpoenaed Millennium seeking the production of the written lease between Millennium and the Debtor.

83.    Millennium responded to the Plaintiff's subpoena advising that it never had a lease with the Debtor.

84.    The Plaintiff also made demand upon the Debtor and Stepanov for the production of the Debtor's written lease with Millennium. The Debtor's counsel later informed the Plaintiff that the Debtor did not have a written lease with Millennium.

85.    Contrary to Stepanov's testimony at the 341(a) Meetings, Millennium was not the Debtor's landlord and the Chase Loan Proceeds (and the Santander Funds) were not used to pay the Debtor's "landlord."

86.    Instead, the Debtor, through Stepanov, transferred the Chase Loan Proceeds and the Santander Funds, which belonged solely to the Debtor, into the Debtor's Millennium Bank Account and used the Chase Loan Proceeds and the Santander Funds to pay off Stepanov's

Mortgage on the Real Property. A copy of the Debtor's Millennium Bank Account statement evidencing the transfer of the Chase Loan Proceeds and the Santander Funds being used to pay off the Mortgage is annexed hereto as **Exhibit "C"**.

87.    Stepanov blatantly lied and perjured himself at both the Debtor's Chapter 11 and Chapter 7 section 341(a) Meetings by testifying that the Debtor used the Chase Loan Proceeds to pay off the Debtor's landlord when in fact the Chase Loan proceeds (and the Santander Funds) were used to pay off Stepanov's Mortgage.

**H.    The Plaintiff is Entitled to Attorneys' Fees**

88.    Section 276-a of the DCL allows a plaintiff to recover their attorneys' fees in a fraudulent conveyance action where such conveyance is found to have been made by the debtor and received by the transferee with actual intent to hinder, delay or defraud present or future creditors of the debtor.

89.    Thus, defendants Stepanov and Freedman are liable for the Plaintiff's attorneys' fees and costs incurred in bringing this action.

**RESERVATION OF RIGHTS**

90.    During the course of this adversary proceeding, the Plaintiff may learn (through discovery or otherwise) of additional causes of action. Accordingly, the Plaintiff reserves his right to amend this Complaint to include: (i) further information regarding the allegations herein; (ii) revisions to the Defendants' names; (iii) additional defendants; (iv) additional causes of action; and/or (v) to seek recovery of such additional transfers (the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the Complaint.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Property and Turn Over of Property of the Estate under 11 U.S.C. §§ 541 and 542)

91.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "90" as if set forth fully herein.

92.     The Debtor has a legal and equitable interest in the Transfers and in the Real Property.

93.     The Debtor's legal and equitable interest in the Transfers and in the Real Property are property of the Debtor's estate.

94.     The Defendants had no right or entitlement to the Transfers or the Real Property or the benefit thereof.

95.     By reason of the foregoing, and in accordance with sections 541 and 542 of the Bankruptcy Code, the Plaintiff is entitled to the entry of an order and judgment directing: (a) Reyes to turn over the Reyes Transfers in an amount as yet undetermined, but in no event believed to be less than $93,415.57, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court; (b) Millennium to turn over the Millennium Transfers in an amount as yet undetermined, but in no event believed to be less than $247,390.75, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court; (c) the Real Property from Stepanov, or the value thereof, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court; and (d) the Real Property from Freedman, or the value thereof, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT REYES**
**(Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B))**

96.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "95" as if set forth fully herein.

97.    The Reyes Transfers were made within two (2) years of the Petition Date.

98.    The Debtor received no consideration or reasonably equivalent value in exchange for the Reyes Transfers.

99.    Upon information and belief, the Debtor: (a) was insolvent on the date of the Reyes Transfers or became insolvent as a result of the Reyes Transfers; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with it was an unreasonably small capital; or (c) intended to incur or believed that it would incur debts beyond its ability to pay as they matured.

100.    At the time of the Reyes Transfers, the Debtor was insolvent, or had incurred, or was intending to incur, debts beyond its ability to pay them as they became due at the time of the Reyes Transfers.

101.    At the time of the Reyes Transfers, the Debtor knew, or should have known, its creditors held claims against it.

102.    The Reyes Transfers constitute fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code.

103.    By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Reyes Transfers pursuant to sections 548(a)(1)(B) and 550 of the Bankruptcy Code and a judgment against defendant Reyes in an amount as yet undetermined, but in no event believed to be less than $93,415.57, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT REYES
### (Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(A))

104.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "103" as if set forth fully herein.

105.    The Reyes Transfers were made within two (2) years of the Petition Date.

106.    At the time of the Reyes Transfers, the Debtor knew, or should have known, that its creditors held claims against it.

107.    Upon information and belief, the Reyes Transfers were made by the Debtor with the intent to hinder, delay, or defraud its creditors.

108.    The Reyes Transfers constitute fraudulent transfers under section 548(a)(1)(A) of the Bankruptcy Code.

109.    By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Reyes Transfers pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code and a judgment against defendant Reyes in an amount as yet undetermined, but in no event believed to be less than $93,415.57, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT REYES
### (Fraudulent Transfer under § 273 of the DCL)

110.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "109" as if set forth fully herein.

111.    The Reyes Transfers were made within six (6) years of the Petition Date.

112.    At the time of the Reyes Transfers, the Debtor was insolvent or was thereafter rendered insolvent.

113.     Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Reyes Transfers.

114.     The Reyes Transfers constitute fraudulent transfers in violation of section 273 of the DCL.

115.     Under sections 544(b) and 550 of the Bankruptcy Code, and section 273 of the DCL, the Plaintiff may avoid the Reyes Transfers.

116.     By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Reyes Transfers pursuant to section 273 of the DCL and judgment against defendant Reyes in an amount as yet undetermined, but in no event believed to be less than $93,415.57, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT REYES**
**(Fraudulent Transfer under § 274 of the DCL)**

117.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "116" as if set forth fully herein.

118.     The Reyes Transfers were made within six (6) years of the Petition Date.

119.     At the time of the Reyes Transfers, the Debtor was engaged in or was about to engage in a business or transaction for which the property remaining in its hands after the Reyes Transfers was an unreasonably small capital.

120.     Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Reyes Transfers.

121.     The Reyes Transfers constitute fraudulent transfers in violation of section 274 of the DCL.

122.     Under sections 544(b) and 550 of the Bankruptcy Code, and section 274 of the DCL, the Plaintiff may avoid the Reyes Transfers.

123.    By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Reyes Transfers pursuant to section 274 of the DCL and judgment against defendant Reyes in an amount as yet undetermined, but in no event believed to be less than $93,415.57, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT REYES
### (Fraudulent Transfer under § 275 of the DCL)

124.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "123" as if set forth fully herein.

125.    The Reyes Transfers were made within six (6) years of the Petition Date.

126.    At the time of the Reyes Transfers, the Debtor intended or believed that it would incur debts beyond its ability to pay as they matured.

127.    Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Reyes Transfers.

128.    The Reyes Transfers constitute fraudulent transfers in violation of section 275 of the DCL.

129.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 275 of the DCL, the Plaintiff may avoid the Reyes Transfers.

130.    By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Reyes Transfers pursuant to section 275 of the DCL and judgment against defendant Reyes in an amount as yet undetermined, but in no event believed to be less than $93,415.57, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT MILLENNIUM
### (Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B))

131.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "130" as if set forth fully herein.

132.    The Millennium Transfers were made within two (2) years of the Petition Date.

133.    The Debtor received no consideration or reasonably equivalent value in exchange for the Millennium Transfers.

134.    Upon information and belief, the Debtor: (a) was insolvent on the date of the Millennium Transfers or became insolvent as a result of the Millennium Transfers; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with it was an unreasonably small capital; or (c) intended to incur or believed that it would incur debts beyond its ability to pay as they matured.

135.    At the time of the Millennium Transfers, the Debtor was insolvent, or had incurred, or was intending to incur, debts beyond its ability to pay them as they became due at the time of the Millennium Transfers.

136.    At the time of the Millennium Transfers, the Debtor knew, or should have known, its creditors held claims against it.

137.    The Millennium Transfers constitute fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code.

138.    By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Millennium Transfers pursuant to sections 548(a)(1)(B) and 550 of the Bankruptcy Code and a judgment against defendant Millennium in an amount as yet undetermined, but in no event believed to be less than $247,390.75, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

### EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANT MILLENNIUM
### (Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(A))

139.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "138" as if set forth fully herein.

140.    The Millennium Transfers were made within two (2) years of the Petition Date.

141.    At the time of the Millennium Transfers, the Debtor knew, or should have known, that its creditors held claims against it.

142.    Upon information and belief, the Millennium Transfers were made by the Debtor with the intent to hinder, delay, or defraud its creditors.

143.    The Millennium Transfers constitute fraudulent transfers under section 548(a)(1)(A) of the Bankruptcy Code.

144.    By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Millennium Transfers pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code and a judgment against defendant Millennium in an amount as yet undetermined, but in no event believed to be less than $247,390.75, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

### NINTH CLAIM FOR RELIEF AGAINST DEFENDANT MILLENNIUM
### (Fraudulent Transfer under § 273 of the DCL)

145.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "144" as if set forth fully herein.

146.    The Millennium Transfers were made within six (6) years of the Petition Date.

147.    At the time of the Millennium Transfers, the Debtor was insolvent or was thereafter rendered insolvent.

148.     Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Millennium Transfers.

149.     The Millennium Transfers constitute fraudulent transfers in violation of section 273 of the DCL.

150.     Under sections 544(b) and 550 of the Bankruptcy Code, and section 273 of the DCL, the Plaintiff may avoid the Millennium Transfers.

151.     By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Millennium Transfers pursuant to section 273 of the DCL and judgment against defendant Millennium in an amount as yet undetermined, but in no event believed to be less than $247,390.75, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## TENTH CLAIM FOR RELIEF AGAINST DEFENDANT MILLENNIUM
### (Fraudulent Transfer under § 274 of the DCL)

152.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "151" as if set forth fully herein.

153.     The Millennium Transfers were made within six (6) years of the Petition Date.

154.     At the time of the Millennium Transfers, the Debtor was engaged in or was about to engage in a business or transaction for which the property remaining in its hands after the Millennium Transfers was an unreasonably small capital.

155.     Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Millennium Transfers.

156.     The Millennium Transfers constitute fraudulent transfers in violation of section 274 of the DCL.

157.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 274 of the DCL, the Plaintiff may avoid the Millennium Transfers.

158.    By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Millennium Transfers pursuant to section 274 of the DCL and judgment against defendant Millennium in an amount as yet undetermined, but in no event believed to be less than $247,390.75, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

### ELEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT MILLENNIUM
### (Fraudulent Transfer under § 275 of the DCL)

159.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "158" as if set forth fully herein.

160.    The Millennium Transfers were made within six (6) years of the Petition Date.

161.    At the time of the Millennium Transfers, the Debtor intended or believed that it would incur debts beyond its ability to pay as they matured.

162.    Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Millennium Transfers.

163.    The Millennium Transfers constitute fraudulent transfers in violation of section 275 of the DCL.

164.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 275 of the DCL, the Plaintiff may avoid the Millennium Transfers.

165.    By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Millennium Transfers pursuant to section 275 of the DCL and judgment against defendant Millennium in an amount as yet undetermined, but in no event believed to be less than

$247,390.75, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

### TWELFTH CLAIM FOR RELIEF AGAINST DEFENDANT STEPANOV
### (Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B))

166.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "165" as if set forth fully herein.

167.    The Stepanov Transfer was made within two (2) years of the Petition Date.

168.    Stepanov was the beneficiary of the Stepanov Transfer and the Real Property.

169.    The Debtor received no consideration or reasonably equivalent value in exchange for the Stepanov Transfer.

170.    Upon information and belief, the Debtor: (a) was insolvent on the date of the Stepanov Transfer or became insolvent as a result of the Stepanov Transfer; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with it was an unreasonably small capital; or (c) intended to incur or believed that it would incur debts beyond its ability to pay as they matured.

171.    At the time of the Stepanov Transfer, the Debtor was insolvent, or had incurred, or was intending to incur, debts beyond its ability to pay them as they became due at the time of the Stepanov Transfer.

172.    At the time of the Stepanov Transfer, the Debtor knew, or should have known, its creditors held claims against it.

173.    The Stepanov Transfer constitutes a fraudulent transfer under section 548(a)(1)(B) of the Bankruptcy Code.

174.    By reason of the foregoing, the Plaintiff is entitled to an order: (a) avoiding the Stepanov Transfer; or (b) recovering the Real Property, or the value thereof, pursuant to sections

548(a)(1)(B) and 550 of the Bankruptcy Code and a judgment against defendant Stepanov in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

**THIRTEENTH CLAIM FOR RELIEF AGAINST DEFENDANT STEPANOV**
**<u>(Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(A))</u>**

175.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "174" as if set forth fully herein.

176.    The Stepanov Transfer was made within two (2) years of the Petition Date.

177.    Stepanov was the beneficiary of the Stepanov Transfer and the Real Property.

178.    At the time of the Stepanov Transfer, the Debtor knew, or should have known, that its creditors held claims against it.

179.    Upon information and belief, the Stepanov Transfer was made by Stepanov with the intent to hinder, delay, or defraud the Debtor's creditors.

180.    The Stepanov Transfer constitutes a fraudulent transfer under section 548(a)(1)(A) of the Bankruptcy Code.

181.    By reason of the foregoing, the Plaintiff is entitled to an order: (a) avoiding the Stepanov Transfer; or (b) recovering the Real Property, or the value thereof, pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code and a judgment against defendant Stepanov in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

## FORTEENTH CLAIM FOR RELIEF AGAINST DEFENDANT STEPANOV
### (Fraudulent Transfer under § 273 of the DCL)

182.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "181" as if set forth fully herein.

183.    The Stepanov Transfer were made within six (6) years of the Petition Date.

184.    Stepanov was the beneficiary of the Stepanov Transfer and the Real Property.

185.    At the time of the Stepanov Transfer, the Debtor was insolvent or was thereafter rendered insolvent.

186.    Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Stepanov Transfer.

187.    The Stepanov Transfer constitutes a fraudulent transfer in violation of section 273 of the DCL.

188.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 273 of the DCL, the Plaintiff may avoid the Stepanov Transfer or recover the Real Property or the value thereof.

189.    By reason of the foregoing, the Plaintiff is entitled to an order: (a) avoiding the Stepanov Transfer or (b) recovering the Real Property, or the value thereof, pursuant to section 273 of the DCL and judgment against defendant Stepanov in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## FIFTEENTH CLAIM FOR RELIEF AGAINST DEFENDANT STEPANOV
### (Fraudulent Transfer under § 274 of the DCL)

190.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "189" as if set forth fully herein.

191.    The Stepanov Transfer was made within six (6) years of the Petition Date.

192.     Stepanov was the beneficiary of the Stepanov Transfer and the Real Property.

193.     At the time of the Stepanov Transfer, the Debtor was engaged in or was about to engage in a business or transaction for which the property remaining in its hands after the Stepanov Transfer was an unreasonably small capital.

194.     Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Stepanov Transfer.

195.     The Stepanov Transfer constitutes a fraudulent transfer in violation of section 274 of the DCL.

196.     Under sections 544(b) and 550 of the Bankruptcy Code, and section 274 of the DCL, the Plaintiff may avoid the Stepanov Transfer or recover the Real Property or the value thereof.

197.     By reason of the foregoing, the Plaintiff is entitled to an order: (a) avoiding the Stepanov Transfer; or (b) recovering the Real Property, or the value thereof, pursuant to section 274 of the DCL and judgment against defendant Stepanov in an amount as yet undetermined, but in no event believed to be less than fair market value of the Real Property, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

### SIXTEENTH CLAIM FOR RELIEF AGAINST DEFENDANT STEPANOV
### (Fraudulent Transfer under § 275 of the DCL)

198.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "197" as if set forth fully herein.

199.     The Stepanov Transfer was made within six (6) years of the Petition Date.

200.     Stepanov was the beneficiary of the Stepanov Transfer and the Real Property.

201.     At the time of the Stepanov Transfer, the Debtor intended or believed that it would incur debts beyond its ability to pay as they matured.

202.    Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Stepanov Transfer.

203.    The Stepanov Transfer constitutes a fraudulent transfer in violation of section 275 of the DCL.

204.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 275 of the DCL, the Plaintiff may avoid the Stepanov Transfer or recover the Real Property or the value thereof.

205.    By reason of the foregoing, the Plaintiff is entitled to an order: (a) avoiding the Stepanov Transfer; or (b) recovering the Real Property, or the value thereof, pursuant to section 275 of the DCL and judgment against defendant Stepanov in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## SEVENTEENTH CLAIM FOR RELIEF AGAINST DEFENDANT STEPANOV
### (Fraudulent Transfer under § 276 of the DCL)

206.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "205" as if set forth fully herein.

207.    The Stepanov Transfer was made within six (6) years of the Petition Date.

208.    Stepanov was the beneficiary of the Stepanov Transfer and the Real Property.

209.    The Stepanov Transfer was made by Stepanov with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor in violation of section 276 of the DCL.

210.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 276 of the DCL, the Plaintiff may avoid the Stepanov Transfer or recover the Real Property or the value thereof.

211.    By reason of the foregoing, the Plaintiff is entitled to an order: (a) avoiding the Stepanov Transfer; or (b) recovering the Real Property, or the value thereof, pursuant to section 276 of the DCL and judgment against defendant Stepanov in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## EIGHTEENTH CLAIM FOR RELIEF AGAINST DEFENDANT STEPANOV
### (Declaratory Relief and Equitable Lien)

212.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "211" as if set forth fully herein.

213.    As of the Petition Date, the Debtor had a legal and/or equitable interest in the Real Property constituting property of its bankruptcy estate under section 541 of the Bankruptcy Code.

214.    Upon information and belief, Stepanov knew or should have known that he was holding assets – the Real Property – comprising of the Debtor's bankruptcy estate.

215.    By keeping the title to the Real Property in the name of Stepanov, and thereby keeping the asset out of the name of the Debtor, which is the equivalent to a fraudulent conveyance, the creditors of the bankruptcy estate have been deprived of an asset that would otherwise have been available to them.

216.    By keeping the title to the Real Property in the name of Stepanov, which is the equivalent to a fraudulent conveyance, Stepanov has been unjustly enriched by the contributions made by the Debtor.

217.    Accordingly, under 28 U.S.C. § 2201, the Plaintiff is entitled to a judgment: (a) declaring that, as of the Petition Date, the Real Property is property of the Debtor's bankruptcy estate under section 541 of the Bankruptcy Code; and (b) imposing an equitable lien on the Real Property for the benefit of creditors of the bankruptcy estate.

**NINETEENTH CLAIM FOR RELIEF AGAINST DEFENDANT FREEDMAN**
**(Avoidance and Recovery of Subsequent Transfer Under DCL §§ 278 and/or 279 and 11**
**U.S.C. §§ 544(b), 548, 550(a) and 551)**

218.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "217" as if set forth fully herein.

219.    The Subsequent Transfer was transferred by Stepanov to Freedman.

220.    The Subsequent Transfer was made directly or indirectly to Freedman

221.    Freedman is an immediate or mediate transferee of the Subsequent Transfer from Stepanov.

222.     By reason of the foregoing, pursuant to sections 278 and/or 279 of the DCL and sections 544(b), 548(a), 550(a) and 551 of the Bankruptcy Code the Plaintiff is entitled to a judgment against defendant Freedman: (a) avoiding the Subsequent Transfer; (b) directing that the Subsequent Transfer be set aside; and (c) recovering the Subsequent Transfer, or the value thereof, from defendant Freedman for the benefit of the Debtor's bankruptcy estate and judgment against defendant Freedman in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

**TWENTIETH CLAIM FOR RELIEF AGAINST DEFENDANT FREEDMAN**
**(Declaratory Relief and Equitable Lien)**

223.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "222" as if set forth fully herein.

224.    As of the Petition Date, the Debtor had a legal and/or equitable interest in the Real Property constituting property of its bankruptcy estate under section 541 of the Bankruptcy Code.

225.    Upon information and belief, Freedman knew or should have known that she was holding assets – the Real Property – comprising of the Debtor's bankruptcy estate.

226.     By keeping the title to the Real Property in the name of Freedman, and thereby keeping the asset out of the name of the Debtor, which is the equivalent to a fraudulent conveyance, the creditors of the bankruptcy estate have been deprived of an asset that would otherwise have been available to them.

227.     By keeping the title to the Real Property in the name of Freedman, which is the equivalent to a fraudulent conveyance, Freedman has been unjustly enriched by the contributions made by the Debtor.

228.     Accordingly, under 28 U.S.C. § 2201, the Plaintiff is entitled to a judgment: (a) declaring that, as of the Petition Date, the Real Property is property of the Debtor's bankruptcy estate under section 541 of the Bankruptcy Code; and (b) imposing an equitable lien on the Real Property for the benefit of creditors of the bankruptcy estate.

### TWENTY-FIRST CLAIM FOR RELIEF AGAINST STEPANOV AND FREEDMAN
### (Fraudulent Transfer under § 276-a of the DCL)

229.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "228" as if set forth fully herein.

230.     The Stepanov Transfer was made by the Debtor and received by Stepanov with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

231.     The Stepanov Transfer was received by Stepanov with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

232.     The Stepanov Transfer constitutes a fraudulent transfer of the Debtor's assets in violation of Section 276-a of the DCL.

233.     The Subsequent Transfer was made by Stepanov and received by Freedman with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

234.    The Subsequent Transfer was received by Freedman with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

235.    The Subsequent Transfer constitutes a fraudulent transfer of the Debtor's assets in violation of Section 276-a of the DCL.

236.    By reason of the foregoing, the Plaintiff is entitled to a judgment against Stepanov and Freedman, under Section 276-a of the DCL, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action.

### TWENTY-SECOND CLAIM FOR RELIEF AGAINST DEFENDANT REYES
### (Unjust Enrichment Under New York Law)

237.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "236" as if set forth fully herein.

238.    Reyes was enriched as a result of the Reyes Transfers.

239.    The enrichment of Reyes was at the expense of the Debtor.

240.    The circumstances relating to the Reyes Transfers are such that equity and good conscience require Reyes to compensate the Debtor's estate.

241.    By reason of the foregoing, the Plaintiff is entitled to an order and judgment against Reyes in an amount as yet undetermined, but in no event believed to be less than $93,415.57, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

### TWENTY-THIRD CLAIM FOR RELIEF AGAINST DEFENDANT MILLENNIUM
### (Unjust Enrichment Under New York Law)

242.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "241" as if set forth fully herein.

243.    Millennium was enriched as a result of the Millennium Transfers.

244.    The enrichment of Millennium was at the expense of the Debtor.

245.     The circumstances relating to the Millennium Transfers are such that equity and good conscience require Millennium to compensate the Debtor's estate.

246.     By reason of the foregoing, the Plaintiff is entitled to an order and judgment against Millennium in an amount as yet undetermined, but in no event believed to be less than $247,390.75, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

### TWENTY-FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT STEPANOV
### (Unjust Enrichment Under New York Law)

247.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "246" as if set forth fully herein.

248.     Stepanov was enriched as a result of the Stepanov Transfer.

249.     The enrichment of Stepanov was at the expense of the Debtor.

250.     The circumstances relating to the Stepanov Transfer are such that equity and good conscience require Stepanov to compensate the Debtor's estate.

251.     By reason of the foregoing, the Plaintiff is entitled to an order and judgment against Stepanov in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

### TWENTY-FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT FREEDMAN
### (Unjust Enrichment Under New York Law)

252.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "251" as if set forth fully herein.

253.     Freedman was enriched as a result of the Subsequent Transfer.

254.     The enrichment of Freedman was at the expense of the Debtor.

255.    The circumstances relating to the Subsequent Transfer are such that equity and good conscience require Freedman to compensate the Debtor's estate.

256.    By reason of the foregoing, the Plaintiff is entitled to an order and judgment against Freedman in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

**WHEREFORE**, the Plaintiff demands judgments on his claims for relief against the Defendants as follows:

i.    on his First Claim For Relief, an order and judgment directing the Defendants to turn over any and all property of the Debtor's estate including, but not limited to: (a) the Reyes Transfers, in an amount as yet undetermined, but in no event believed to be less than $93,415.57, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court; (b) the Millennium Transfers, in an amount as yet undetermined, but in no event believed to be less than $247,390.75, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court; (c) the Real Property from Stepanov, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court; and (d) the Real Property from Freedman, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

ii.    on his Second Claim For Relief, an order avoiding the Reyes Transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code and a judgment against defendant Reyes in an amount

as yet undetermined, but in no event believed to be less than $93,415.57, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

iii.     on his Third Claim For Relief, an order avoiding the Reyes Transfers pursuant to Section 548(a)(1)(A) of the Bankruptcy Code and a judgment against defendant Reyes in an amount as yet undetermined, but in no event believed to be less than $93,415.57, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

iv.     on his Fourth Claim For Relief, an order avoiding the Reyes Transfers pursuant to Section 273 of the DCL and judgment against defendant Reyes in an amount as yet undetermined, but in no event believed to be less than $93,415.57, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

v.     on his Fifth Claim For Relief, an order avoiding the Reyes Transfers pursuant to Section 274 of the DCL and judgment against defendant Reyes in an amount as yet undetermined, but in no event believed to be less than $93,415.57, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

vi.     on his Sixth Claim For Relief, an order avoiding the Reyes Transfers pursuant to Section 275 of the DCL and judgment against defendant Reyes in an amount as yet undetermined, but in no event believed to be less than $93,415.57, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

vii.     on his Seventh Claim For Relief, an order avoiding the Millennium Transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code and a judgment against defendant Millennium in an amount as yet undetermined, but in no event believed to be less than $247,390.75, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

viii.   on his Eighth Claim For Relief, an order avoiding the Millennium Transfers pursuant to Section 548(a)(1)(A) of the Bankruptcy Code and a judgment against defendant Millennium in an amount as yet undetermined, but in no event believed to be less than $247,390.75, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

ix.   on his Ninth Claim For Relief, an order avoiding the Millennium Transfers pursuant to Section 273 of the DCL and judgment against defendant Millennium in an amount as yet undetermined, but in no event believed to be less than $247,390.75, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

x.   on his Tenth Claim For Relief, an order avoiding the Millennium Transfers pursuant to Section 274 of the DCL and judgment against defendant Millennium in an amount as yet undetermined, but in no event believed to be less than $247,390.75, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

xi.   on his Eleventh Claim For Relief, an order avoiding the Millennium Transfers pursuant to Section 275 of the DCL and judgment against defendant Millennium in an amount as yet undetermined, but in no event believed to be less than $247,390.75, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

xii.   on his Twelfth Claim For Relief, an order (a) avoiding the Stepanov Transfer; or (b) recovering the Real Property, or the value thereof, pursuant to Section 548(a)(1)(B) of the Bankruptcy Code and a judgment against defendant Stepanov in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

xiii.   on his Thirteenth Claim For Relief, an order (a) avoiding the Stepanov Transfer; or (b) recovering the Real Property, or the value thereof, pursuant to Section 548(a)(1)(A) of the Bankruptcy Code and a judgment against defendant Stepanov in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

xiv.   on his Fourteenth Claim For Relief, an order (a) avoiding the Stepanov Transfer; or (b) recovering the Real Property, or the value thereof, pursuant to Section 273 of the DCL and judgment against defendant Stepanov in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

xv.   on his Fifteenth Claim For Relief, an order (a) avoiding the Stepanov Transfer; or (b) recovering the Real Property, or the value thereof, pursuant to Section 274 of the DCL and judgment against defendant Stepanov in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

xvi.   on his Sixteenth Claim For Relief, an order (a) avoiding the Stepanov Transfer; or (b) recovering the Real Property, or the value thereof, pursuant to Section 275 of the DCL and judgment against defendant Stepanov in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

xvii.   on his Seventeenth Claim For Relief, an order (a) avoiding the Stepanov Transfer; or (b) recovering the Real Property, or the value thereof, pursuant to Section 276 of the DCL and

judgment against defendant Stepanov in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

xviii.    on his Eighteenth Claim For Relief, under 28 U.S.C. § 2201, a judgment against defendant Stepanov: (a) declaring that, as of the Petition Date, the Real Property is property of the Debtor's bankruptcy estate under section 541 of the Bankruptcy Code; and (b) imposing an equitable lien on the Real Property for the benefit of creditors of the bankruptcy estate.

xix.    on his Nineteenth Claim For Relief, an order (a) avoiding the Subsequent Transfer; (b) directing that the Subsequent Transfer be set aside; and (c) recovering the Subsequent Transfer, or the value thereof, pursuant to sections 278 and/or 279 of the DCL and sections 544(b), 548(a), 550(a) and 551 of the Bankruptcy Code and a judgment against defendant Freedman in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

xx.    on his Twentieth Claim For Relief, under 28 U.S.C. § 2201, a judgment against defendant Freedman: (a) declaring that, as of the Petition Date, the Real Property is property of the Debtor's bankruptcy estate under section 541 of the Bankruptcy Code; and (b) imposing an equitable lien on the Real Property for the benefit of creditors of the bankruptcy estate.

xxi.    on his Twenty-First Claim For Relief, a judgment against defendants Stepanov and Freedman, under section 276-a of the DCL, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action;

xxii.    on his Twenty-Second Claim For Relief, an order and judgment against defendant Reyes based on unjust enrichment in an amount as yet undetermined, but in no event believed to

be less than $93,415.57, plus interest thereon, costs, or such other amount as may be determined by the Court;

xxiii.  on his Twenty-Third Claim For Relief, an order and judgment against defendant Millennium based on unjust enrichment in an amount as yet undetermined, but in no event believed to be less than $247,390.75, plus interest thereon, costs, or such other amount as may be determined by the Court;

xxiv.  on his Twenty-Fourth Claim For Relief, an order and judgment against defendant Stepanov based on unjust enrichment in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

xxv.  on his Twenty-Fifth Claim For Relief, an order and judgment against defendant Freedman based on unjust enrichment in an amount as yet undetermined, but in no event believed to be less than the fair market value of the Real Property, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

Dated: February 4, 2021
Huntington, New York

**The Law Offices of**
**Avrum J. Rosen, PLLC**
*Counsel to David J. Doyaga, Sr.*
*Solely as Chapter 7 Trustee of the*
*Estate of VNS Transportation, Inc.*

By:     */s/ Avrum J. Rosen*
Avrum J. Rosen, Esq.
Alex E. Tsionis, Esq.
38 New Street
Huntington, New York 11743
(631) 423-8527
arosen@ajrlawny.com
atsionis@ajrlawny.com